IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHNNIE B. GREEN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-2104-N-BK |
| | § | |
| FEDEX GROUND PACKAGE SYSTEM INC., | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management. The cause is now before the Court on *Defendant's Motion to Dismiss* (Doc. # 5).

## I. BACKGROUND

On October 18, 2010, Plaintiff, Johnnie Green, filed a claim against Defendant, FedEx Ground Package System, Inc., for Age Discrimination in Employment, in violation of 29 U.S.C. § 621. (Pl. Orig. Compl. at 1). On November 11, 2010, Defendant filed a *Motion to Dismiss* and supporting brief pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. ## 5-6). Defendant argues that "Plaintiff's Complaint lacks sufficient factual matter that, accepted as true, would state a claim to relief that is plausible on its face" and, thus, should be dismissed. (Doc. # 5 at 1-2). Plaintiff filed a response on December 15, 2010. (Doc. # 8). Plaintiff states that Defendant is obligated to "provide facts to support its claim, that disparagement in treatment had not occurred," before the motion to dismiss can be granted. (Doc. # 8 at 1). After reviewing the motion, responsive pleadings, and applicable law, the Court finds Defendant's motion is well taken and **recommends that *Defendant's Motion to Dismiss* be GRANTED**.

## II. APPLICABLE LAW

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In order to overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery … or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). Moreover, the complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity, and the district court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quotation omitted).

The standard set forth in Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A complaint thus is not sufficient if it merely contains "naked assertions" devoid of factual enhancement. *Id*. The tenet that a court must accept as true all allegations contained in a complaint when ruling on a Rule 12(b)(6) motion is inapplicable to legal conclusions. *Id*.

A plaintiff alleging age discrimination is not required to plead a *prima facie* case in order to survive a 12(b)(6) motion to dismiss. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002). Nonetheless, "no plaintiff is exempt from her obligation to 'allege facts sufficient to state all the elements of her claim.'" *Puente v. Ridge*, 324 F. App'x 423, 427 (5th Cir. 2009) (citations omitted).

# III. DISCUSSION

Plaintiff has failed to state a single fact that, when taken as true, could plausibly support his claim – even when giving Plaintiff every favorable inference and liberally construing his pleadings.[1] *Erickson v Pardus*, 551 U.S. 89, 94 (2007) (holding *pro se* litigants pleadings are to be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers). Plaintiff's complaint contains neither direct allegations on every material point necessary to sustain a recovery, nor allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial.

Plaintiff's bare-bones complaint states only "AGE DISCRIMINATION IN EMPLOYMENT (29 U.S.C. 621)" and is wholly devoid of any factual allegations. (Doc. # 1 at 1). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Bell Atl. Corp.*, 550 U.S. at 555 (internal citations omitted). Plaintiff's complaint does not near compliance with this standard.

In response to the motion to dismiss, Plaintiff states: "[t]he attach [sic] list of names are students, that were referred to FedEx Ground from the Career development Center of Mountain View College of Dallas Texas. My Allegation of Discrimination hinges on that FedEx Ground offer [sic] entry level jobs to those students under the age fifty years old." (Doc. # 8 at 2). The referenced document is titled "Package Handler Sort Observation Sign In," and appears to be a

---

[1] Plaintiff mistakenly posits that he has no obligation to go forward with facts establishing discrimination, claiming that instead, Defendant has the burden to support its claim that discrimination did not occur. (Doc. # 8 at 1). It is, however, Plaintiff's burden to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570.

two-page list of handwritten names, signatures, and telephone numbers of individuals not otherwise identified. (Doc. # 8 at 5-6). Plaintiff's name, signature, and number appear on the list. (*Id*. at 6). However, the sign-in sheet does not contain the ages of, nor reference any employment action, favorable or adverse, taken by Defendant FedEx Ground with respect to those listed. Even construing the factual allegations contained in Plaintiff's response as a supplement to his complaint <u>and</u> presuming them true, it is nonetheless insufficient to survive the Rule 12(b)(6) challenge. Neither Plaintiff's complaint nor his response allege any facts that would plausibly suggest (1) Defendant is within the protected age class; (2) that he was qualified for a particular position with FedEx; (3) that he suffered an adverse employment decision; and (4) that he was replaced by someone younger or treated less favorably than similarly situated younger employees. *See Smith v. City of Jackson, Miss.*, 351 F.3d 183, 196 (5th Cir. 2003) (outlining the framework for establishing a *prima facie* age-discrimination case on circumstantial evidence). In short, Plaintiff's *Complaint* only contains an "unadorned, the-defendant-unlawfully-harmed-me accusation," which the Supreme Court held deficient in *Iqbal*, 129 S.Ct. at 1949.

Defendant has not been put on fair notice of Plaintiff's claim and the grounds upon which it rests. Even the most sympathetic reading of Plaintiff's pleadings fails to show that Plaintiff is plausibly entitled to relief. Therefore, it is recommended that Defendant's *Motion to Dismiss* be granted.

## IV. LEAVE TO AMEND COMPLAINT

Despite Plaintiff's failure to properly state a claim upon which relief could be granted, the Court nevertheless is inclined to permit a single amendment to the complaint in the interest of

justice. (Doc. 16 at 3-4); FED. R. CIV. P. 15(a) (providing that the court should freely give leave to amend when justice so requires). Dismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified. *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *see also Brown v. Texas A & M Univ.*, 804 F.2d 327, 334 (5th Cir. 1986) ("Unless we have searched every nook and cranny of the record, like a hungry beggar searching a pantry for the last morsel of food, and have determined that 'even the most sympathetic reading of plaintiff's pleadings uncovers no theory and no facts that would subject the present defendants to liability,' we must remand to permit plaintiff to amend his claim if he can do so.").

Because Plaintiff has not filed an amended complaint, and is proceeding *pro se*, he should be allowed to file an amended complaint. The amended complaint should "contain either direct allegations on every material point necessary to sustain a recovery … or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).

## V. CONCLUSION

For the foregoing reasons, it is recommended that Defendant's *Motions to Dismiss* (Doc. # 5) be **GRANTED**. It is further recommended, however, that Plaintiff be given 14 days from the date of this recommendation to amend his complaint as outlined above.

SO RECOMMENDED on January 6, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE